# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANISSA TILLMAN, | ) |
| Plaintiff, | ) Civil Action No. 13-1027 |
| v. | ) Judge Cathy Bissoon |
| LIFECARE MANAGEMENT SERVICES, LLC, *d/b/a New Lifecare Management Services*, | ) |
| Defendant. | ) |

## ORDER

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Under that statute, the Court is required to dismiss any action that fails to state a claim upon which relief may be granted. Fedee v. Dow, 2012 WL 5472120, *2 (D. N.J. Nov. 8, 2012) (citation omitted).

In her Complaint, Plaintiff's only substantive allegations are that Defendant "unlawful[ly] terminat[ed]" her in violation of the Americans With Disabilities Act ("the ADEA"), and that it violated "the Fair Wage and Labor Act." *See* Doc. 2 at ¶¶ 1- 2. These statements aside, Plaintiff offers no facts in support of, or even minimal context regarding, the nature and content of her claims. Although Federal Rule of Civil Procedure 8(a) generally requires only "a short and plain statement of [Plaintiff's] claim[s]," her bare-bones submission is not what the drafters intended. *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) (even pre-*Twombly*, pleadings were required to contain some "statement of [the]

circumstances, occurrences, and events in support of" plaintiff's claims, and Rule 8(a) is not satisfied by "[a] bare averment that [the plaintiff] wants relief and is entitled to it") (citation to quoted source omitted).

Furthermore, the Supreme Court decisions in *Iqbal* and *Twombly* require a complaint to contain sufficient factual allegations "to state a claim [for] relief that is <u>plausible</u> on its face." Maxberry v. Sallie Mae Educ. Loans, -- Fed. Appx. --, 2013 WL 3830102, *3 (3d Cir. Jul. 25, 2013) (citing and quoting *Iqbal* and *Twombly*, emphasis added). Plaintiff's cursory allegations do not come close to meeting this standard.

Plaintiff currently has failed to state a claim on which relief may be granted, and the IFP statute requires that her case be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal, however, will be made without prejudice to Plaintiff's filing an amended complaint that conforms with Federal Rule 8(a) and *Iqbal/Twombly*.

Plaintiff is cautioned, however, that the law does not afford her endless opportunities to amend. In light of this fact, Plaintiff is instructed to make best efforts to carefully and diligently review the law before filing her amended complaint. Further, Plaintiff must be prepared to include allegations and facts that plausibly support viable claim(s) for relief against Defendant. Among other things, this would entail: identifying the laws/statutes that Plaintiff claims Defendant violated[1]; allegations regarding Plaintiff's presumed employment relationship, past or present, with Defendant; and a meaningful explanation of the facts and circumstances

---

[1] Although Plaintiff has made reference to a "Fair Wage and Labor Act," the Court is unaware of any such statute. Most likely, Plaintiff meant to invoke the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("the FLSA"), which, among other things, addresses overtime compensation. Also curious is Plaintiff's assertion of jurisdiction under the diversity-of-citizenship statute, 28 U.S.C. § 1332, given that both the ADEA and the FLSA are federal statutes giving rise to jurisdiction under 28 U.S.C. § 1331. *See* Section 1331 ("[federal] district courts shall have original jurisdiction [over] all civil actions arising under the . . . laws . . . of the United States").

leading to her claim(s), in other words, what happened that caused her to file this lawsuit, or what Defendant did, or did not do, such that it may be liable to Plaintiff. Although the Court understands that Plaintiff likely is not an attorney, her amended complaint must, and will, be examined under the "plausibility" standard in *Iqbal/Twombly*, so she should make best efforts to understand and comply with that standard should she wish to proceed.[2]

For all of the reasons stated above, this case is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). **IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint by **August 28, 2013**, and should she not do so, the dismissal will be made with prejudice.

IT IS SO ORDERED.

August 12, 2013                                s\Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via First-Class U.S. Mail):

Anissa Tillman
P.O. Box 2842
Lower Burrell, PA  15068

---

[2] These instructions are offered only as a starting point. It is not the Court's role to help Plaintiff litigate her case. *See* Hunt Optics & Imaging, Inc. v. Greene, 2010 WL 3303792, *1 (W.D. Pa. Aug. 19, 2010) (although unrepresented parties enjoy some leniency under law, it is not court's role to "serve as [their] *de facto* counsel") (citation to quoted source omitted).